FISCHER et al. v. CAMPBELL et al.

(Circuit Court of Appeals, Fifth Circuit. April 10, 1900.)

No. 887.

1. FRAUDULENT CONVEYANCES—PREFERENCES BY DEBTOR.

In the absence of any law rendering preferences illegal, the organization by a debtor, with others, of a corporation, and his transfer of property to such corporation in consideration of stock therein issued to him, which he transfers to certain of his creditors, does not constitute a fraudulent conveyance of the property which can be set aside at suit of other general creditors.

2. CREDITORS' SUIT—AMENDMENT OF BILL.

Complainants filed a creditors' bill to set aside a conveyance of property by their debtor to a corporation, which was made a defendant, on the ground that such conveyance was colorable only, without consideration, and made to defraud creditors. The evidence showed that the debtor received for the property stock in the corporation, the most of which he had transferred to others, claimed to be creditors; but there was also evidence tending to show that much of such stock was disposed of in such a way that he still remained the real owner, and in control of the same for his own benefit. Held, that equity required that complainants should be permitted to amend their bill so as to raise the issue as to the bona fides and character of such transfers, and to reach such stock if so transferred as to work an illegal prejudice to complainants as creditors.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

Statement of the pleadings as given by appellants: Henry B. Fischer, Bernardo F. Fischer, Adolpho H. Fischer, and T. Tasso Fischer, partners doing business under the firm name of J. & C. Fischer, filed their bill in the United States circuit court for the Southern district of Florida against A. B. Campbell and the A. B. Campbell Land & Loan Company, a corporation under the laws of Florida, alleging that on December 14, 1895, Charles S. Fischer held four notes, aggregating $16,116, against the A. B. Campbell Company, the payment of which notes stood guarantied by the defendant Alexander B. Campbell under and by a certain contract of guaranty executed by said A. B. Campbell to said Charles S. Fischer, dated April 3, 1895; that said notes and contract of guaranty were sold and assigned by said Charles S. Fischer to complainants, who sued the defendant Alexander B. Campbell thereon, and recovered judgment against him for $18,980.98 and costs; that execution was issued on said judgment, and returned nulla bona; that on said December 14, 1895, the defendant Alexander B. Campbell owned the property described in the bill (a number of lots in the city of Jacksonville, Fla.), and that on said date (December 14, 1895) said defendant Alexander B. Campbell made a pretended deed of conveyance of said property to the defendant the A. B. Campbell Land & Loan Company, a corporation organized under the laws of Florida, October 21, 1895 (the incorporators being the defendant Alexander B. Campbell, and his wife, Mary E., and two brothers, A. L. and P. Campbell); that at the time of the organization of said corporation the said Alexander B. Campbell was largely involved in debt to Charles S. Fischer and other creditors; that said Mary E., A. L., and P. Campbell never invested any capital in said corporation, nor had any real interest therein; and that the organization of said corporation was but a part of a fraudulent scheme of said defendant A. B. Campbell to hinder, delay, and defraud said Charles S. Fischer and other creditors; that said A. B. Campbell, in pursuance of his scheme to hinder and defraud his creditors, made and caused to be recorded sundry other conveyances about December 14, 1895, by which he covered up all of his property. The bill alleges that the deed from A. B. Campbell to the A. B. Campbell Land & Loan Company is fraudulent and void as against creditors, and prays that the same may be set aside, and the property subjected to the payment of complainants' judgment.

The bill prays that defendants be required to answer, but expressly waives answer under oath. There is also a prayer for general relief. The defendants filed separate answers. The answer of the defendant land and loan company denies that said deed to it was a fraud and a sham, and alleges that said deed was made in good faith, for a full and valuable consideration, to wit, $5,000 in cash, and 200 shares of the capital stock of said company, issued and delivered to A. B. Campbell. The answer denies that the incorporation of said company was fraudulent, but alleges that said company was organized for the purpose of doing a legitimate business. The answer also sets up that a number of said lots have been sold on contracts to other parties. The defendant A. B. Campbell answers to the same effect, and further alleges that, of the 200 shares of stock issued to him, 193 shares were assigned to various persons who had advanced him money. Replications to these answers were filed, and testimony taken. Upon final hearing the court made its decree denying the prayer of the bill and dismissing the bill. This appeal is brought to reverse this decree, and appellants insist that the decree is erroneous and should be reversed.

D. U. Fletcher and H. B. Phillips, for appellants.

W. B. Owen, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. The judge a quo decided in favor of the defendants, and filed the following reasons, to wit:

"Findings by the Court.

"J. & C. Fischer v. A. B. Campbell et al.

"The substance of the allegations of this bill, omitting all introductory and admitted portions, is that Alexander B. Campbell and his wife made a pretended deed of conveyance to the A. B. Campbell Land & Loan Company, for a pretended consideration; that the organization was but a part of a fraudulent scheme to hinder and delay and defraud the creditors out of their just demands; that the said conveyance was not real, but a mere sham, and made with the intention of hindering and defrauding the said Fischers and other creditors out of their just demands; that no consideration was paid by the A. B. Campbell Land & Loan Company to said A. B. Campbell for said conveyance, and that said property is now held in trust for said A. B. Campbell, and for his use and benefit, and for the purpose of preventing a levy and sale under a writ of fi. fa. Stripped of all surplus language, the charge is that said conveyance complained of was but a pretended conveyance, and not a real one; that it was but a mere sham, and no consideration passed, but the property is held in trust for the benefit of said A. B. Campbell. The answers of A. B. Campbell, as defendant, and the land and loan company, by A. B. Campbell, president, deny the charges so made, directly and positively,—alleging that the organization of the corporation was arranged and contemplated before defendant was a debtor of complainants; that the conveyance was made in good faith, for a good and valuable consideration, without any intent to defraud his creditors; and that the stockholders of said corporation are bona fide holders, for full consideration paid. The questions are very narrow and direct, and must be determined by the testimony, in the light of all the surrounding circumstances. The principles of fraudulent conveyances are well established by numerous decisions, and it is only necessary to apply them to the facts of this case. If the allegations of the bill are true, the complainants are entitled to a decree; but if, as contended by the defendant Campbell, the conveyance was made in good faith, for the purpose of enabling him to pay certain indebtedness which he had incurred in borrowing money to assist in clearing up the affairs of the A. B. Campbell Company, they are not so entitled. It is not every conveyance that may be set aside, although the result may be to hinder and prevent certain creditors from enforcing a collection of their debts. A simple debt, until reduced to judgment, does not act as a lien,

and prevent all conveyances and commercial transactions, although subsequent events may show that the debtor was, at the time of making such conveyances, insolvent. There is no question of assignment of bankruptcy in this case, by which preferences in payments of debts are prohibited; and the whole case turns upon the fraudulent intention of the defendant, and his design to make a colorable conveyance only, and to retain for his own use the property so conveyed. The testimony is positive that the conveyances, both of the property to the land and loan company, and of the shares taken in said company by the defendant to other creditors, were bona fide, and without any claim or right being withheld by the defendant.

"In the case of Bank v. Trebein (Ohio Sup.) 52 N. E. 834, so earnestly relied upon by complainants in this case, the defendant, after taking a certain number of shares in the new corporation in payment of the property, hypothecated them to secure loans, still holding the title in himself. This was unquestionably the crucial test of the case, which led to the reversal of the court below, as the appellate court says: 'His identity as owner of the property was no more changed by the conveyance than it would have been by taking off one coat and putting on another. He was as much the substantial owner of the property after the conveyance as before, and had substantially the same use of it as if the conveyance had not been made.' In this case the promise of an organization of the corporation, and a transfer of shares in payment of loans, based upon such promise, is distinctly testified to as having been made before the complainants' assignors became creditors, and that the conveyance was but a fulfillment of such arrangement and promise. The value of the property conveyed was estimated at about $25,000, upon which were prior mortgage liens of between $10,000 and $11,000. The compensation received was $5,000 cash, and the stock reserved, transferred in payment of debts, to the amount of about $11,000. The discrepancy between the amount received and the actual value of the property is not so great as to awaken any suspicion of bad faith, and the supervision of the property since the conveyances seems to be but that of an employé for a fixed compensation, and not of an owner or trustee. The defendant had a legal right to make a conveyance of this property to such of his creditors as he considered most justly entitled; and if he made such conveyance for the purpose of repaying money borrowed to assist in settling up the indebtedness of the A. B. Campbell Company, rather than reserve it to respond to any deficiencies that might arise under his guaranty for any deficiencies which might appear after an exhaustion of the assignment of assets to the assignor of the complainants herein, it is not considered that the facts that such loans were procured from relations and personal friends of the defendant, and the payments made to them, is sufficient to prove bad faith in him. Nor can the retention of one share in the corporation show the entire conveyance fraudulent. There was no law against preferences, and it was for him to determine from the circumstances of the indebtedness who were most justly entitled. If he could transfer his property directly to his creditors, there is nothing in organizing a corporation, and transferring the stock to them in good faith in payment of their loans, which would render it fraudulent. It would only be the retaining for his own benefit the property, after a pretended conveyance, which would demand that a court of equity declare such conveyance a fraud, and I do not consider the evidence establishes such a reversion. It is therefore considered that the deed of conveyance made herein was made in good faith, and was not a pretended or colorable conveyance, intended to hinder and defraud creditors, but, rather, made in accordance with promises of the defendant made before his indebtedness to the complainant, and should not be set aside as fraudulent, and the decree will follow for the defendant accordingly.

"October 30, A. D. 1899.                    James W. Locke, Judge."

We agree to the correctness of these findings, if the case should be finally disposed of on the present record, but we are of opinion that such disposition will not meet the real equities between the parties. If we concede, as shown by the evidence in the record, that the A. B. Campbell Land & Loan Company was incorporated

In good faith, that part of its stock was subscribed and paid for by third parties also in good faith, and that the lands conveyed by A. B. Campbell to the said company were conveyed for a valuable consideration, and not in fraud of the creditors of the said A. B. Campbell, still the case very strongly suggests that a large block of the stock of that company, received by said Campbell in payment for said lands, has been disposed of in such a way that he remains the real owner and in full control of the same for his own benefit, whereby his creditors are hindered, delayed, and defrauded. It is unnecessary to recapitulate the facts proved which so strongly suggest this equity. The record teems with them. As the complainants' bill is framed, it requires amendment to properly reach any of the stock of the A. B. Campbell Land & Loan Company, if any such there be, that A. B. Campbell has disposed of to hinder, delay, and defraud his creditors; and it would be an improvement to the bill, and better state complainants' case, if it should be amended so as to clearly charge that the A. B. Campbell Company was insolvent, and that A. B. Campbell had become and was personally indebted to the complainants at and before the time the A. B. Campbell Land & Loan Company was incorporated, and its stock was issued and disposed of. On a further hearing the defendant A. B. Campbell may supplement his own evidence, and more clearly show, if so the case be, that he has fairly used the stock issued by him to pay his just debts, without legal prejudice to his creditors. To allow amendments to the bill, and take further evidence, the decree appealed from is reversed, and the case is remanded for further proceedings. See Insurance Co. v. Phillips (recently decided in this court) 102 Fed. 19, and the cases there cited. The costs of this appeal, including the cost of transcript, will be divided equally.